## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHALEI MORSE,

     Plaintiff,

v.                                    CASE NO.

TPUSA, INC. and FIRST CONTACT, LLC,

     Defendants.

## **COMPLAINT**

1.     Unwanted "Robocalls" are the #1 consumer complaint in America today.

2.     The people complaining about harassing robocalls is increasing at an alarming rate. In 2015, 2,125,968 complained to the Federal Trade Commission (FTC) and Federal Communications Commission (FCC), in 2016 this number was 3,401,614 2016 and in 2017 it was 4,501,967.[1]

3.     The Defendants, TPUSA, Inc., and First Contact, LLC, robocalled the Plaintiff a mindboggling 700 times.

4.     The Defendants, TPUSA, Inc, and First Contact, LLC, each have a corporate policy to robocall people thousands of times.

5.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone

---

[1] It is important to recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by illegal robocalling abuse could be close to 100,000,000 in the last 3 years

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014).  Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

6.     Plaintiff, Shalei Morse, alleges Defendants,  TPUSA, Inc, and First Contact, LLC, (hereinafter referred to collectively as "Defendants"), robocalled her more than 700 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), Invasion of Privacy ("IOP"), and Intentional Infliction of Emotional Distress ("IIED").

7.     Robocalls are very inexpensive to make.  As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

8.     The TCPA was enacted to prevent companies like Defendants from invading American citizens' privacy and prevent illegal robocalls.

9.     Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243,

2

§§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

10.     According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

11.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

12.     Violations described in the Complaint occurred while Plaintiff was in Holiday, Florida.

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person and citizen of the State of Florida, residing in Holiday, Florida.

14.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8) 15 U.S.C. § 1692(a)(3).

15.     Plaintiff is an "alleged debtor."

16.     Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

17.     Defendant, TPUSA, Inc., is a corporation with its principal place of business in Murray, Utah, and conducts business in the State of Florida.

3

18.     Defendant, TPUSA, Inc., is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

19.     Defendant, First Contact, LLC, is a corporation with its principal place of business in St. Petersburg, Florida, and conducts business in the State of Florida.

20.     Defendant, First Contact, LLC, is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

21.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(5).

22.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 815-6513.

23.     Plaintiff was the "called party" during each phone call subject to this lawsuit.

24.     Defendant, TPUSA, Inc., intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

25.     "Express consent" is narrowly construed by the Courts.

26.     Defendant, TPUSA, Inc., did not have the "express consent" of the Plaintiff to call her cell phone.

27.     It is the Defendant, TPUSA, Inc.'s, burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phone using an "automatic telephone dialing system" (ATDS).

28.     It is the Defendant, TPUSA, Inc.'s, burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phone using an ATDS for each account they were calling on.

4

29.     Defendant, TPUSA, Inc., was put on notice Plaintiff did not want the Defendant contacting her.

30.     Defendant, TPUSA, Inc., did not have the express consent of the Plaintiff to call her on the accounts they called her on.

31.     Plaintiff expressly revoked any express consent Defendant, TPUSA, Inc.,  may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

32.     Defendant, TPUSA, Inc., attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

33.     Defendant, TPUSA, Inc., made at least one call to (727) 815-6513.

34.     Defendant, TPUSA, Inc., made at least one call to (727) 815-6513 using an ATDS.

35.     Defendant, TPUSA, Inc., made at least one hundred and fifty (150) calls to (727) 815-6513.

36.     Defendant, TPUSA, Inc., made at least one hundred and fifty (150) calls to  (727) 815-6513 using an ATDS.

37.     Defendant made at least two hundred and fifty (250) calls to (727) 815-6513.

38.     Defendant made at least two hundred and fifty (250) calls to (727) 815-6513 using an ATDS.

39.     Each call the Defendant, TPUSA, Inc., made to (727) 815-6513 in the last four years was made using an ATDS.

40.     Each call the Defendant, TPUSA, Inc., made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

41.     Defendant, TPUSA, Inc., has called other people's cell phones without their express consent.

42.     Each call the Defendant, TPUSA, Inc., made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

43.     The calls at issue were placed by the Defendant, TPUSA, Inc., using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

44.     Plaintiff repeatedly requested the Defendant to stop calling  her cell phone, however, the Defendant, TPUSA, Inc., continued to make calls.

45.     Defendant, TPUSA, Inc.,  has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

46.     Plaintiff's conversations with the Defendant, TPUSA, Inc., putting them on notice that they did not want more phone calls were ignored.

47.     Defendant, TPUSA, Inc.,  has recorded at least one conversation with the Plaintiff.

48.     Defendant, TPUSA, Inc., has recorded numerous conversations with the Plaintiff.

49.     Defendant, TPUSA, Inc., has made approximately two hundred and fifty (250) calls to Plaintiff's aforementioned cellular telephone number since in or about August 2016 which will be established exactly once Defendant turns over their dialer records.

50.     Despite actual knowledge of their wrongdoing, the Defendant, TPUSA, Inc., continued the campaign of abusive robocalls.

51.     Defendant, TPUSA, Inc., has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

52.     By effectuating these unlawful phone calls, Defendant, TPUSA, Inc., has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

53.     Defendant,  TPUSA, Inc.'s, aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

54.     Defendant,  TPUSA, Inc.'s, phone calls harmed Plaintiff by wasting her time.

55.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used."  In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007).  Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

56.     Defendant, TPUSA, Inc.'s, corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

57.     Defendant, TPUSA, Inc.'s, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

58.     Defendant, TPUSA, Inc., has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

59.     Defendant, First Contact, LLC, intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

60.    Defendant, First Contact, LLC, did not have the "express consent" of the Plaintiff to call her cell phone.

61.    It is the Defendant, First Contact, LLC's, burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phone using an "automatic telephone dialing system" (ATDS).

62.    It is the Defendant, First Contact, LLC's, burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phone using an ATDS for each account they were calling on.

63.    Defendant, First Contact, LLC, was put on notice Plaintiff did not want the Defendant contacting her.

64.    Defendant, First Contact, LLC, did not have the express consent of the Plaintiff to call her on the accounts they called her on.

65.    Plaintiff expressly revoked any express consent Defendant, First Contact, LLC, may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

66.    Defendant, First Contact, LLC, attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

67.    Defendant, First Contact, LLC, made at least one call to  (727) 815-6513.

68.    Defendant, First Contact, LLC, made at least one call to (727) 815-6513 using an ATDS.

69.    Defendant, First Contact, LLC, made at least one hundred and fifty (150) calls to (727) 815-6513.

70.     Defendant, First Contact, LLC,  made at least one hundred and fifty (150) calls to (727) 815-6513 using an ATDS.

71.     Defendant, First Contact, LLC,  made at least three hundred (300) calls to  (727) 815-6513.

72.     Defendant, First Contact, LLC, made at least three hundred (300) calls to (727) 815-6513 using an ATDS.

73.     Defendant, First Contact, LLC,  made at least four hundred and fifty (450) calls to (727) 815-6513.

74.     Defendant, First Contact, LLC, made at least four hundred and fifty (450) calls to (727) 815-6513 using an ATDS.

75.     Each call the Defendant, First Contact, LLC, made to (727) 815-6513 in the last four years was made using an ATDS.

76.     Each call the Defendant, First Contact, LLC, made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

77.     Defendant, First Contact, LLC, has called other people's cell phones without their express consent.

78.     Each call the Defendant, First Contact, LLC, made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

79.     The calls at issue were placed by the Defendant, First Contact, LLC, using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

80.     Plaintiff repeatedly requested the Defendant to stop calling  her cell phone, however, the Defendant, First Contact, LLC, continued to make calls.

81.     Defendant, First Contact, LLC, has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

82.     Plaintiff's conversations with the Defendant, First Contact, LLC, putting them on notice that she did not want more phone calls were ignored.

83.     Defendant, First Contact, LLC, has recorded at least one conversation with the Plaintiff.

84.     Defendant, First Contact, LLC, has recorded numerous conversations with the Plaintiff.

85.     Defendant, First Contact, LLC, has made approximately four hundred and fifty (450) calls to Plaintiff's aforementioned cellular telephone number since in or about August 2016 which will be established exactly once Defendant turns over their dialer records.

86.     Despite actual knowledge of their wrongdoing, the Defendant, First Contact, LLC, continued the campaign of abusive robocalls.

87.     Defendant, First Contact, LLC, has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

88.     By effectuating these unlawful phone calls, Defendant, First Contact, LLC, has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

89.     Defendant,  First Contact, LLC's, aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

10

90.     Defendant,  First Contact, LLC's, phone calls harmed Plaintiff by wasting her time.

91.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used."  In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007).  Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

92.     Defendant, First Contact, LLC's, corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

93.     Defendant, First Contact, LLC's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

94.     Defendant, First Contact, LLC's, has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

95.     Plaintiff expressly revoked any consent Defendants may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendants' placement of the calls.  Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

96.     Defendants never had the Plaintiff's expressed consent for placement of telephone calls to her aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

97.     None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

98.     Defendants violated the TCPA, FDCPA and FCCPA with respect to the Plaintiff.

99.     Defendants willfully or knowingly violated the TCPA with respect to the Plaintiff.

**<u>COUNT I</u>**
**(Violation of the TCPA Against TPUSA, Inc.)**

100.    Plaintiff incorporates Paragraphs one (1) through sixty (60) and ninety-five (95) through ninety nine (99).

101.    Defendant, TPUSA, Inc.,  willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to be called by them using an ATDS or pre-recorded voice.

102.    Defendant, TPUSA, Inc., knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked her consent to be called by them using an ATDS or pre-recorded voice.

103.    Defendant, TPUSA, Inc., repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

104.    As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

105.    Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, TPUSA, Inc., from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

<u>**COUNT II**</u>
**(Violation of the FDCPA Against TPUSA, Inc.)**

106.    Plaintiff incorporates Paragraphs one (1) through sixty (60) and ninety-five (95) through ninety nine (99).

107.    At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

108.    Defendant, TPUSA, Inc.,  engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

109.     Defendant, TPUSA, Inc., engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

110.    Defendant, TPUSA, Inc.,  engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

<u>**COUNT III**</u>
**(Violation of the FCCPA Against TPUSA, Inc.)**

111.    Plaintiff incorporates Paragraphs one (1) through sixty (60) and ninety-five (95) through ninety nine (99).

112.    At all times relevant to this action Defendant,  TPUSA, Inc., is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

113.    Defendant, TPUSA, Inc., has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

114.    Defendant,  TPUSA, Inc., has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her  family.

115.    Defendant, TPUSA, Inc., has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

116.    Defendant, TPUSA, Inc's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TPUSA, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

## <u>COUNT IV</u>
### (Invasion of Privacy – Intrusion Upon Seclusion Against TPUSA, Inc.)

117.    Plaintiff incorporates Paragraphs one (1) through sixty (60) and ninety-five (95) through ninety nine (99).

118.    Defendant, TPUSA, Inc., through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

14

119.    All of the calls made to Plaintiff's cell phone by Defendant, TPUSA, Inc., and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

120.    Defendant's persistent autodialed calls to her cellular phone eliminated Plaintiff's right to be left alone.

121.    Defendant, TPUSA, Inc.'s, autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during her work, and continually frustrated and annoyed Plaintiff.

122.    These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

123.    By calling her cellular phone, Plaintiff had no escape from these collection calls either in her home or when she left the home.

124.    By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant, TPUSA, Inc., invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

125.    Defendant, TPUSA, Inc.'s,  harassing collection conduct and tactic of repeatedly auto dialing Plaintiff  her cellular phone after requests to stop is highly offensive to a reasonable person.

126.    Defendant,  TPUSA, Inc., intentionally intruded upon Plaintiff's solitude and seclusion.

127.    As a result of Defendant, TPUSA, Inc.'s, action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TPUSA, Inc., for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT V
**(Intentional Infliction of Emotional Distress Against TPUSA, Inc.)**

128.    Plaintiff incorporates Paragraph one (1) through sixty (60) and ninety-five (95) through ninety nine (99).

129.    The harassing and abusive conduct, including the repetitive robocalls to Plaintiff, have caused severe emotional harm and distress, embarrassment, aggravation, and other losses.

130.    It is beyond the pale of decency to robocall anybody 250 times.

131.    The damage to the Plaintiff was and is immense.  The Plaintiff had a stunned sense of helplessness because she could not stop the calls despite explaining that she would call the when she had the money to make a payment on this account.

132.    To call somebody this amount of time is inhumane.

133.    It is utterly uncivilized to robocall someone 250 times.

134.    If a person called another person 250 times, the caller would most likely be in prison for criminal harassment.

135.    This is especially true if the caller continued to make the calls after being told to stop and never had permission to call in the first place.

136.    The calls to Plaintiff by Defendant are harassing, aggravating and highly intrusive.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for punitive damages and such other and further relief as the Court shall deem just and proper.

## COUNT VI
### (Violation of the TCPA Against First Contact, LLC)

137.    Plaintiff incorporates Paragraphs one (1) through twenty-three (23) and sixty-one (61) through ninety-nine (99).

138.    Defendant, First Contact, LLC, willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to be called by them using an ATDS or pre-recorded voice.

139.    Defendant, First Contact, LLC, knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked her consent to be called by them using an ATDS or pre-recorded voice.

140.    Defendant, First Contact, LLC, repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

141.    As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

142.    Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, First Contact, LLC, from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT VII
### (Violation of the FDCPA Against First Contact, LLC)

143.   Plaintiff incorporates Paragraphs one (1) through twenty-three (23) and sixty-one (61) through ninety-nine (99).

144.   At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

145.   Defendant, First Contact, LLC,  engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

146.    Defendant, First Contact, LLC, engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

147.   Defendant, First Contact, LLC, engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## <u>COUNT VIII</u>
### (Violation of the FCCPA Against First Contact, LLC)

148.   Plaintiff incorporates Paragraphs one (1) through twenty-three (23) and sixty-one (61) through ninety-nine (99).

149.   At all times relevant to this action Defendant,  First Contact, LLC, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

150.    Defendant, First Contact, LLC, has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

151.    Defendant,  First Contact, LLC, has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her  family.

152.    Defendant, First Contact, LLC, has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

153.    Defendant, First Contact, LLC's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, First Contact, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

## <u>COUNT IX</u>
**(Invasion of Privacy – Intrusion Upon Seclusion Against First Contact, LLC)**

154.    Plaintiff incorporates Paragraphs one (1) through twenty-three (23) and sixty-one (61) through ninety-nine (99).

155.    Defendant, First Contact, LLC, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

156.    All of the calls made to Plaintiff's cell phone by Defendant, First Contact, LLC, and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

19

157.    Defendant's persistent autodialed calls to her cellular phone eliminated Plaintiff's right to be left alone.

158.    Defendant, First Contact, LLC's, autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during her work, and continually frustrated and annoyed Plaintiff.

159.    These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

160.    By calling her cellular phone, Plaintiff had no escape from these collection calls either in her home or when she left the home.

161.    By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant, First Contact, LLC, invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

162.    Defendant, First Contact, LLC's,  harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to her cellular phone after requests to stop is highly offensive to a reasonable person.

163.    Defendant, First Contact, LLC, intentionally intruded upon Plaintiff's solitude and seclusion.

164.    As a result of Defendant, First Contact, LLC's, action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, First Contact, LLC, for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT X
**(Intentional Infliction of Emotional Distress Against First Contact, LLC)**

165.     Plaintiff incorporates Paragraph one (1) through twenty-three (23) and sixty-one (61) through ninety-nine (99).

166.     The harassing and abusive conduct, including the repetitive robocalls to Plaintiff, have caused severe emotional harm and distress, embarrassment, aggravation, and other losses.

167.     It is beyond the pale of decency to robocall anybody 450 times.

168.     The damage to the Plaintiff was and is immense.  The Plaintiff had a stunned sense of helplessness because she could not stop the calls despite explaining that she would call the when she had the money to make a payment on this account.

169.     To call somebody this amount of time is inhumane.

170.     It is utterly uncivilized to robocall someone 450 times.

171.     If a person called another person 450 times, the caller would most likely be in prison for criminal harassment.

172.     This is especially true if the caller continued to make the calls after being told to stop and never had permission to call in the first place.

173.     The calls to Plaintiff by Defendant are harassing, aggravating and highly intrusive.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for punitive damages and such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

*Amanda J. Allen, Esq.*
**Amanda J. Allen, Esquire**
Florida Bar No. 0098228
William Peerce Howard, Esquire
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*